WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| N.C. Group L.L.C., | No. cv-08-158-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. |  |
| The Macerich Company, et al., |  |
| Defendants. |  |

Pending before the Court are the Macerich Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 39) and Defendant Arizona Public Service Company's Motion to Dismiss for lack of Subject Matter Jurisdiction (Doc. 37). For the reasons stated herein, the Macerich Defendants' Motion will be granted; the Arizona Public Service Company's Motion will be denied.

BACKGROUND

Plaintiff NC Group, LLC ("NCG") is a sublessor of the property located at 2740 West North Lane, Arizona (the "Property"), on which it owns and runs the Blaze Bar and Grill ("Blaze"). NCG subleased the Property from T/H Associates Partnership, who in turn leased the Property from Macerich.

On August 5, 2006, Grub and Ellis Real Estate Brokerage contacted NCG to see if it would sell its lease to Macerich. NCG said that it would accept $709,000 for the lease. Macerich countered with $250,000 for an agreement by December 31, 2006, or $350,000 for an

1  agreement by June 30, 2007. The parties did not reach an agreement.

2  After this point, Plaintiff alleges that Macerich, determined to put Blaze out of business
3  in order to purchase the lease on favorable terms, convinced the City of Phoenix to take action to
4  do so. Macerich's alleged efforts culminated in approximately thirty city employees from City
5  of Phoenix Liquor Detail, Developmental Services Department ("DSD"), and Maricopa County
6  Health Department searching and inspecting the Property on March 29, 2007.

7  As a result of this inspection, DSD ordered the Arizona Public Service Company
8  ("ACS") to stop all power service to the Property. The purported reason was that the main
9  electrical service was rusted out. On April 2, 2007, DSD condemned the Property and posted it
10  as "unsafe to enter or occupy."

11  On December 21, NCG filed suit against the City of Phoenix, Macerich, and APS.
12  Against the City of Phoenix, NCG alleges federal constitutional claims, including violation of
13  the Due Process Clause for failure to provide adequate notice and a hearing before closing Blaze
14  and violation of the Equal Protection Clause. Against Macerich, NCG alleges, among other
15  claims, nuisance under state law, arguing that the parcel owned by Macerich next to Blaze fell
16  into disrepair and became "a haven for graffiti, homeless people, drug abusers, and other sundry
17  criminal activity." Against APS, NCG alleges breach of contract and negligence.

18  In a June 9, 2008 Order (Doc. 30), the Court considered the question of subject matter
19  jurisdiction, writing:

> This case was removed on the basis of federal question jurisdiction, rather than diversity jurisdiction, and, as such, the Court only has jurisdiction over NCG's state-law claims if they share a common nucleus of operative facts with the federal-question claims. 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). The Court is not persuaded that such a nexus exists for NCG's claim for nuisance . . . against Macerich or its breach-of-contract and negligence claims against [Arizona Public Service Co.]. Therefore, the Court will order supplemental briefing on this issue.

Subsequently, Macerich and Arizona Public Service Co. each filed a Motion to Dismiss for lack
of subject matter jurisdiction. Macerich argues that the Court does not have jurisdiction over
Plaintiff's nuisance claim. APS argues that the Court does not have jurisdiction over either

- 2 -

1  count against it.  Plaintiff's response to each motion stated simply: "Plaintiffs respectfully submit
2  this matter to the Court without argument."

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) allows a party to assert, by motion, the defense of lack of subject matter jurisdiction.  When deciding such a motion, "it is well-settled that the complaint will be construed broadly and liberally, in conformity with the general principle set forth in Rule 8(f)." Wright & Miller, Federal Practice and Procedure § 1350 (2004).  However, "once a factual attack is made on the federal court's subject matter jurisdiction, the district judge is not obliged to accept the plaintiff's allegations as true and may examine the evidence to the contrary and reach his or her own conclusions on the matter." Id.  See also, Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987).

## ANALYSIS

This case was initially removed to this court from Arizona state court.  The federal removal statute states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1441.  Here, jurisdiction in removal is founded on Plaintiffs' federal constitutional claims.  The U.S. Code further provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within which original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  "The party asserting jurisdiction has the burden of proving all jurisdictional facts." Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  In order for supplemental jurisdiction to exist, "[t]he state and federal claims must derive from a common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

### A. Macerich

Plaintiff's nuisance complaint arises out of a half-acre parcel directly next to Blaze, on

1  which is a building that had once housed a Big and Tall store.  Plaintiff alleges that the store has
2  "been unlit, had broken windows, broken fixtures, and great overall disrepair for over six years,"
3  and that is "has been a haven for graffiti, homeless people, drug abusers, and other sundry
4  criminal activity for over five years."   Such conditions, it argues, give rise to a cause of action
5  for nuisance.
6        This claim shares little in the way of operative facts with Plaintiff's constitutional law
7  claims, all of which center around the allegedly wrongful events that brought an end to
8  Plaintiff's tenure in the Property.  The questions of fact at issue in Plaintiff's nuisance claim, all
9  of which concern the condition of the neighboring parcel and its effect on Plaintiff, are entirely
10 separate from those at issue in Plaintiff's constitutional law claims.  Nor does Plaintiff make any
11 argument to the contrary.
12       Accordingly, Plaintiff's action for nuisance must be remanded to state court.

### B.   Arizona Public Service Company

14       NGC alleges that APS breached its contract to provide power to Blaze and also that it is
15 liable for negligence in its assessment of Plaintiff's property.  Unlike Plaintiff's nuisance claim
16 against Macerich, both Plaintiff's breach of contract claim and its negligence claim derive from a
17 common nucleus of facts with the constitutional claim. Plaintiff argues that APS cut Plaintiff's
18 power at the city's say-so as part of the city's campaign to oust Plaintiff from the property.   The
19 alleged breach of contract and negligence stem from those events and involve APS's
20 communications with and reliance on the information given by the City of Phoenix.
21       Accordingly, Plaintiff's actions for breach of contract and negligence may remain in this
22 Court.
23       As such,
24       **IT IS ORDERED** Defendant Macerich's Motion is **GRANTED**.
25       **IT IS FURTHER ORDERED** Defendant APS's Motion is **DENIED**.
26       **IT IS FURTHER ORDERED** Plaintiff's Count Five is **REMANDED** to Maricopa
27 County Superior Court, case number CV-2007-023647.

1
2
3   DATED this 17th day of March, 2009.
4
5
6
7   _____
    Roslyn O. Silver
    United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28